1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ELBERT A. MERRITT, | CASE NO. 1:11-cv-00887-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| M. CATE, et al., | Doc. 1 |
| Defendants. | / THIRTY-DAY DEADLINE |

16
17

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On May 26, 2011, Plaintiff Elbert A. Merritt ("Plaintiff"),  a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Defendants M. Cate, CDCR Director; N. Warren, Chief (A) Health Care at Sacramento; James D. Hartley, Warden at Avenal State Prison ("Avenal"); Dr. Greenman, CMO at Avenal; M. Boparai, Physician at Avenal; Dr. Campbell, Physician at Avenal; S. Malogi, RN at Avenal; and Health Care Appeals Coordinators at Avenal. Compl. at 1-3, Doc. 1.

On September 13, 2009, Plaintiff injured his left knee while working in the kitchen at Avenal. *Id.* at 3. On September 15, 2009, Plaintiff's knee was swollen and extremely painful, and he was seen by a nurse who told him she would schedule an appointment with a doctor. *Id.* On September 23, 2009 and October 14, 2009, Plaintiff submitted requests to be seen by a doctor. *Id.* at 3, 6. On November 17, 2009, Plaintiff was seen by two physician assistants, Safi and Blackwell. *Id.* at 6. Blackwell ordered X-rays and therapy. *Id.* The X-rays did not reveal any detectable injury. *Id.* During physical therapy, the physical therapist suggested that Plaintiff might have an ACL and / or meniscus tear and recommended an MRI and referral to an orthopaedic surgeon. *Id.* On February 10, 2010, Plaintiff had an MRI, which revealed a tear in the medial meniscus of his left knee. *Id.* At a subsequent appointment, Dr. Campbell refused to refer Plaintiff to an orthopaedic surgeon, as it was Dr. Campbell's opinion that these types of injuries heal by themselves. *Id.* After Plaintiff persisted, he received an appointment with an orthopaedic surgeon. *Id.* On May 5, 2010, Plaintiff was seen by Dr. Kowall, an orthopaedic surgeon, who informed Plaintiff that this type of injury does not heal by itself and Plaintiff will need surgery. *Id.* at 6, 22. On May 13, 2010, Plaintiff was again seen by Dr. Campbell, who stated that even though the orthopaedic surgeon recommended surgery, Dr. Campbell did not feel that it was necessary. *Id.* at 6-7. Dr. Campbell also stated that the Corrections Department does not have the money to authorize the surgery. *Id.* at 7.

On May 17, 2010, Plaintiff submitted another 602 request to have surgery on his knee. *Id.* On June 30, 2010, M. Boparai, MD, and S. Malogi, RN, responded to Plaintiff's appeal at the first level, stating that it was partially granted in that Dr. Campbell advised self-directed exercises and prescribed 600 mg Ibuprofen for pain. *Id.* They noted that Dr. Campbell completed a referral to an orthopaedic surgeon, which was pending approval. *Id.* at 15. Plaintiff was advised to follow-up in six months. *Id.* Dr. Boparai and Nurse Malogi also quoted from state regulations:

> Private Consultants. Health care personnel not employed by the department are not authorized to order treatment for an inmate. Such persons may offer opinions and recommendations for consideration by department health care staff as follows: An inmate or an inmate's responsible guardian or relative, or an attorney or other interested person wanting the inmate examined by a private physician, shall submit a written request to the institution head. The institution head shall, after consulting with the facility's chief medical officer grant the request unless convinced that specific case factors warrant denial. The

1
2
3

> fact of and reasons for such denial, and notice of the right to appeal the decision in writing to the director, shall be documented and given to the inmate or the person requesting the outside health care service. Costs of such private consultations or examinations shall be paid by the inmate or the person requesting the service.

4 *Id.* at 7, 15; Cal. Code Regs. tit. 15, § 3354(c) (full text cited) (renumbered from Elective Surgery

5 3351.1(c)). On September 17, 2010, Plaintiff received a second level response to his appeal from

6 Robert Chapnick, MD, Chief Medical Executive, and Donald B. McElroy, CEO, Health Care at

7 Avenal. *Id.* at 8, 22-23. Dr. Chapnick and McElroy noted that Plaintiff was currently in physical

8 therapy and had completed three of his six scheduled sessions. *Id.* at 23. Dr. Chapnick and McElroy

9 found that the recommendation by the orthopaedic surgeon was reviewed and considered by licensed

10 clinicians, but there was no medical indication that surgery was necessary at this time. *Id.* Dr.

11 Chapnick and McElroy stated that after Plaintiff completes physical therapy, further evaluation will

12 be performed. *Id.* On December 13, 2010, N. Warren, Chief (A) Prison Health Care Services, denied

13 Plaintiff's appeal at the third director's level of review, stating Plaintiff was receiving treatment

14 deemed medically necessary. *Id.* at 8, 26.

15    Plaintiff states his knee is getting progressively worse, the pain is increasing and becoming

16 uncomfortable, and restricting his daily activities more and more. *Id.* at 9. For relief, Plaintiff seeks

17 punitive damages of $250,000 and compensation for pain and suffering. *Id.*

18 **III. Legal Standard and Analysis for Plaintiff's Claims**

19 **A. Eighth Amendment Deliberate Indifference to Serious Medical Need**

20 **1. Legal Standard**

21    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

22 must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096

23 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate

24 indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

25 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

26 wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

27 indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

28 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

(en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of

1  neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614,

2  617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

4       Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendants

5  were indifferent to treatment for his knee injury. However, Plaintiff's complaint demonstrates that

6  Defendants were not indifferent to Plaintiff's complaints but treated Plaintiff according to medical

7  necessity. Compl. at 6-7, 23. Plaintiff's allegations may, at most, amount to negligence, which is

8  insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the

9  Eighth Amendment.

10      Neither an inadvertent failure to provide adequate medical care, nor mere negligence or

11  medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper</u>

12  <u>treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis

13  added); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison*

14  *Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison

15  doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48

16  (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an

17  inmate must show that a physician or other health care provider exercising ordinary skill and care

18  at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's

19  symptoms evidenced a <u>serious disease or injury</u>; (2) the disease or injury was curable or could be

20  substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial

21  of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence,

22  mistake or <u>difference of opinion</u>." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In

23  addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v.*

24  *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

25      Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See*

26  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence

27  insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under

28  § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of

state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that Defendant Dr. Campbell failed to authorize knee surgery. Compl. at 10. However, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff also seeks to impose liability under the Eighth Amendment on individuals related to the inmate appeals process including M. Cate, CDCR Director; N. Warren, Chief (A) Health Care at Sacramento; James D. Hartley, Warden at Avenal; Dr. Greenman, CMO at Avenal; M. Boparai, Physician at Avenal; S. Malogi, RN at Avenal; and Health Care Appeals Coordinators at Avenal. Compl. at 1-3. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, Defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837. Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). The complaint shows that Defendants reviewed the entire file when making a decision as to his appeal. Compl. at 15, 23, 26. Thus, there are no facts to show that Defendants willfully turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098.

Plaintiff's claims against Defendants Cate, Hartley, Dr. Greenman, and "Health Appeals Coordinators at Avenal" are even further attenuated as Defendants did not personally deny his

appeals. A decision by a defendant's designee provides no basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

## B. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

## C. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

1  interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

2  F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

3  prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.

4  *Buckley*, 997 F.2d at 495.

5  Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under

6  § 1983 based upon the inmate appeals process.

7  **IV. Conclusion and Order**

8  Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court

9  will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d

10  1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

11  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

12  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

13  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

14  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129

15  S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

16  a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

17  Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114

18  F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

19  "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik

20  v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints

21  was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore,

22  "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

23  complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d

24  811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

25  //

26  //

27  //

28  //

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2.     The Clerk's Office shall send Plaintiff a complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4.     If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     April 23, 2012                         _____

                                             UNITED STATES MAGISTRATE JUDGE