# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT A. MERRITT, | CASE NO. 1:11-cv-00887-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR FAILURE TO PROSECUTE |
| v. | |
| M. CATE, et al., | |
| Defendants. | |

On May 26, 2011, Plaintiff Elbert A. Merritt ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and ordered Plaintiff to file an amended complaint within thirty days. 28 U.S.C. §§ 1915A and 1915(e). Doc. 9. On April 30, 2012, the United States Postal Service returned the Court's order as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b). In the instant case, more than sixty-three (63) days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

1 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
2 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
3 sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779
4 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not
5 conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA)*
6 *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

7 In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
8 mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are
9 no other reasonable alternatives available. *See Carey*, 856 F.2d at 1441. Moreover, Plaintiff has not
10 complied with or otherwise responded to the Court's orders. As a result, there is no pleading on file
11 that sets forth any claims upon which relief may be granted under § 1983.

12 Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is HEREBY
13 DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may
14 be granted under § 1983 and for failure to prosecute.

15 IT IS SO ORDERED.

16 Dated:   July 12, 2012
17                                        UNITED STATES MAGISTRATE JUDGE